

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 26, 2026

SEAN F. McAVOY, CLERK

| | |
|---|---|
| KEVIN WURN and EMEISHIA WURN, *individually, and as current/former foster parents of DP, GP and IP*,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF WASHINGTON DEPARTMENT OF CHILDREN, YOUTH, AND FAMILIES, COURT-APPOINTED SPECIAL ADVOCATES, DANA SYRETT, ALISON SANDEEN, FRANK CRICCHIO, TIFFANY LABISH, TOUATHE VUE, and ELIZABETH SZOMBATHY,<br><br>Defendants. | No. 2:26-CV-00012-RLP<br><br>ORDER GRANTING DEFENDANT SZOMBATHY'S PARTIAL MOTION TO DISMISS |

Before the Court is Defendant Elizabeth Szombathy's Partial Motion to Dismiss, ECF No. 5. Plaintiffs are represented by attorney Vanessa Elizabeth Zink,

ORDER GRANTING DEFENDANT SZOMBATHY'S PARTIAL MOTION TO DISMISS ~ 1

and Defendant Szombathy is represented by attorneys Devin Curda and Nathan Scott McKorkle. This matter was considered without oral argument.

On November 12, 2025, Plaintiffs Kevin and Emeishia Wurn, a married couple, filed this suit in Spokane County Superior Court against the State of Washington Department of Children, Youth, and Families (DCYF), Dana Syrett, Alison Sandeen, Frank Cricchio, Tiffany Labish, Touathe Vue, Court-Appointed Special Advocates (CASA), and Ms. Szombathy, a volunteer Guardian ad Litem (GAL) through the Spokane County CASA. ECF No. 1 at 2; ECF No. 1-3 at 3-4. On January 12, 2026, the Wurns removed the action to this Court. ECF No. 1.

On February 2, 2026, Ms. Szombathy filed the Partial Motion to Dismiss. ECF No. 5. Ms. Szombathy requests that the Court dismiss the Wurns' First, Second, Fourth, and Fifth causes of action pursuant to Federal Rules of Civil Procedure (FRCP) 12(b)(1) and 12(b)(6). *Id.* at 2. She argues that the Wurns have failed to establish subject matter jurisdiction because they did not comply with the pre-filing requirements set forth in RCW 4.96.020. *Id.* at 2-3.

For the reasons discussed below, Ms. Szombathy's Partial Motion to Dismiss, ECF No. 5, is granted, and the state law claims against Ms. Szombathy are dismissed without prejudice.

## BACKGROUND

The Wurns are currently foster parents to D.P., and former foster parents to

ORDER GRANTING DEFENDANT SZOMBATHY'S PARTIAL MOTION TO DISMISS * 2

D.P.'s siblings, G.P., and I.P. ECF No. 1-3 at 4. In December 2021, the Wurns became "suitable other" placements for these three dependent children at the request of their biological mother. *Id*. at 5. In March 2024, an individual who is not named as a defendant to this action reported allegations of abuse against the Wurns to DCYF. *Id*. at 6. In July 2024, Ms. Szombathy was appointed as the replacement Guardian ad Litem for the children. *Id*. at 8.

The Wurns allege that repeated unfounded allegations by Defendants have damaged the Wurns' foster care relationship with the children. ECF No. 1-3 at 6-27. They claim that Defendants, acting jointly and in concert with certain former and current foster caregivers, coordinated an ongoing campaign to exclude the Wurns from the children's lives. *Id*. at 18. As related to Ms. Szombathy, the Wurns allege that she and Defendant CASA engaged in bad faith conduct, including but not limited to, making biased or inaccurate statements to the court and the children, and engaging in inappropriate or retaliatory actions. *Id*. at 14-17.

The Wurns assert claims of: (1) negligence; (2) outrage; (3) Section 1983 civil rights violations; (4) defamation; and (5) negligent investigation. ECF No. 1-3 at 1, 18-26. They request monetary damages and injunctive relief. *Id*. at 27.

## LEGAL STANDARD

Rule 12(b)(1) provides for dismissal of a complaint for lack of subject-matter jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be facial or

ORDER GRANTING DEFENDANT SZOMBATHY'S PARTIAL MOTION TO DISMISS * 3

factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* The Court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citation omitted).

Rule 12(b)(6) allows a party to move for dismissal if the plaintiff has failed to state a claim upon which relief can be granted. FRCP 12(b)(6). Dismissal under this rule is only proper if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9thCir. 1990). When considering a 12(b)(6) motion, the court accepts the allegations in the complaint as true and construes the pleading in the light most favorable to the party opposing the motion. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). However, this does not require the Court "to accept as true legal conclusions couched as factual allegations." *Parents for Privacy v. Barr*, 949 F.3d 1210, 1221 (9th Cir. 2020).

To survive a motion to dismiss, the plaintiff must allege "enough facts to

ORDER GRANTING DEFENDANT SZOMBATHY'S PARTIAL MOTION TO DISMISS * 4

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (requirements of notice pleading are met if plaintiff makes a short and plain statement of their claims). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations must be enough to raise the right to relief above a speculative level. *Twombly*, 550 U.S. at 555. It is not enough that a claim for relief be merely "possible" or "conceivable;" instead, it must be "plausible on its face." *Id.* at 556.

## ANALYSIS

Ms. Szombathy asserts the state law claims against her should be dismissed for failure to establish subject matter jurisdiction because the Wurns did not adhere to pre-filing requirements. ECF No. 5 at 2. The Court agrees.

Under Washington law, a plaintiff seeking damages against a governmental entity or its employee must comply with Washington's notice of claim filing statute. *See generally* Wash. Rev. Code. § 4.96.020. Before asserting a claim for damages against employees of governmental entities acting in such capacity, a claimant must satisfy certain claim filing requirements. Wash. Rev. Code. § 4.96.020. First, claims for damages must "be presented to the agent within the

ORDER GRANTING DEFENDANT SZOMBATHY'S PARTIAL MOTION TO DISMISS * 5

applicable period of limitations" and are "deemed presented when the claim form is delivered" to the agent. § 4.96.020(2). In addition, the claim form must set forth certain required information. § 4.96.020(3).

The statute also provides:

> No action subject to the claim filing requirements of this section shall be commenced against any local governmental entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim has first been presented to the agent of the governing body thereof. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty calendar day period.

RCW 4.96.020(4).

The statute's requirements are "liberally construed so that substantial compliance will be deemed satisfactory." § 4.96.020(5). While the statute is not intended to be applied as a "gotcha" statute, *Garza v. City of Yakima*, No. 13-CV-3031-TOR, 2014 WL 2452815, at *5 (E.D. Wash. June 2, 2014), an "attempt at compliance must actually accomplish the statutory purpose," *Renner v. City of Marysville*, 145 Wash. App. 443, 451-52, 187 P.3d 283, 287 (2008), *aff'd*, 168 Wash. 2d 540, 230 P.3d 569 (2010). The purpose of Section 4.96.020 is to give governments time to investigate potential claims and to encourage settlement. *Lee v. Metro Parks Tacoma*, 183 Wash. App. 961, 967-68, 335 P.3d 1014 (2014).

The Wurns assert that they presented a tort claim to the State of Washington

ORDER GRANTING DEFENDANT SZOMBATHY'S PARTIAL MOTION TO DISMISS * 6

under RCW 4.92 on March 13, 2025. ECF No. 8 at 2-3. However, this does not constitute substantial compliance with Section 4.96.020, as they did not submit the appropriate claim to Spokane County. As indicated by Ms. Szombathy in her motion, a plaintiff does not get to simply choose one government entity to file a tort claim against to suffice against all others. ECF No. 5 at 6. RCW 4.96.020(4) requires a tort claim form to be filed with the local government entity in question at least sixty days before a tort suit can commence against the applicable local government entity. *Id*. at 6-7. Ms. Szombathy is a Spokane County volunteer and no claim was filed with Spokane County prior to filing this lawsuit. *Id*. at 2-3. Ms. Szombathy did not receive the statutorily entitled notice. *Id*. at 7.

The Wurns assert that the Complaint, which was filed in the Spokane County Superior Court and served upon Ms. Szombathy on January 12, 2026, provided detailed factual allegations concerning Ms. Szombathy's conduct. ECF No. 8 at 2. They also argue that Spokane County's Risk Management Director has now reviewed the Complaint, as reflected in the Declaration attached to Ms. Szombathy's motion. *Id*. However, as noted in a case from this judicial District, "[s]ettling claims prior to bringing a federal lawsuit is a fundamental purpose behind the notice statute at issue[.]" *Richmond v. Spokane Cnty., Washington*, No. 2:21-CV-00129-SMJ, 2021 WL 4951574 (E.D. Wash. Oct. 25, 2021); citing *Wong v. Seattle Sch. Dist. No. 1*, No. C16-1774 RAJ, 2018 WL 1035799, at *2 (W.D.

ORDER GRANTING DEFENDANT SZOMBATHY'S PARTIAL MOTION TO DISMISS * 7

Wash. Feb. 23, 2018). Spokane County would have no reason to engage in settlement negotiations without an indication that the Wurns intended to sue Ms. Szombathy for her conduct as GAL. Therefore, the fact that the lawsuit was filed in Spokane County Superior Court, that Ms. Szombathy has since been served with the lawsuit, or that Spokane County's risk management director is now aware of the lawsuit, does not negate the pre-filing requirement.

The Wurns also assert that on October 17, 2025, they submitted a formal request for review to Defendant CASA regarding Ms. Szombathy's appointment as GAL in the dependency matters. ECF No. 8 at 3. They claim that as a result, Defendant CASA, acting as an extension of the County of Spokane and as supervising authority over Ms. Szombathy, was put on sufficient notice that the Wurns alleged Ms. Szombathy's conduct was defamatory, outrageous, and subsequently aligned with the tortious claims they ultimately raised in their Complaint. *Id*. at 4. Again, the Wurns have failed to show how this would have placed Spokane County on notice that they intended to sue Ms. Szombathy for her conduct as GAL.

The Court finds that the Wurns have not complied with the pre-suit requirements of Section 4.96.020, and failed to sufficiently place Spokane County on notice that they intended to file the instant lawsuit. Accordingly, the Wurns' state law claims against Ms. Szombathy are DISMISSED without prejudice for

ORDER GRANTING DEFENDANT SZOMBATHY'S PARTIAL MOTION TO DISMISS * 8

failure to allege sufficient facts under a cognizable legal theory. The Wurns may refile their claims after they have complied with Section 4.96.020.

**Accordingly, IT IS ORDERED**:

1.    Ms. Szombathy's Partial Motion to Dismiss, **ECF No. 5**, is **GRANTED**.

2.    The Wurns' state law claims of negligence, outrage, defamation, and negligent investigation against Ms. Szombathy are **DISMISSED without prejudice**.

**IT IS SO ORDERED.** The District Court Clerk is directed to file this Order and provide copies to counsel.

DATED March 26, 2026.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT SZOMBATHY'S PARTIAL MOTION TO DISMISS * 9